```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JUDELINE LECONTE-METELLUS,

                Plaintiff,                    MEMORANDUM AND ORDER
                                              16-CV-05632
     - against -


BORO PARK OPERATING CO. LLC d/b/a
BORO PARK CENTER FOR REHABILITATION
AND HEALTHCARE, and DR. DANIEL GANZ,

                Defendants.
------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

  Plaintiff Judeline Leconte-Metellus ("Plaintiff") brought this action under Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law ("NYCHRL") against Defendants Boro Park Operating Co. LLC d/b/a Boro Park Center for Rehabilitation and Healthcare ("Boro Park") and Dr. Daniel Ganz ("Ganz"), collectively ("Defendants"), alleging discrimination based on race, color, and national origin. (ECF No. 1, "Compl."; ECF Nos. 31-32). Pending before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 33). For the reasons explained below, Defendants' motion is **GRANTED**.

## BACKGROUND

  Plaintiff is a Registered Nurse who was born and raised in Haiti and self-identifies as having dark skin and a distinct Haitian accent. (Compl. ¶ 1). Boro Park is a rehabilitation and nursing facility in Brooklyn, New York. (*Id.* at ¶ 14). In June 2012, Boro Park hired Plaintiff as a Nurse Manager and shortly after, gave her the additional responsibility of Admission Nurse. (*Id.*

1

at ¶¶ 18, 24). Prior to 2015, Plaintiff experienced no adverse issues at Boro Park and received positive performance evaluations and regular pay raises. (*Id.* at ¶¶ 26-29).

In January 2015, Ganz was assigned as the attending physician for Plaintiff's unit, Two East, where the entire nursing staff was of African descent. (*Id.* at ¶¶ 30, 31). He did not have the authority to hire, fire, or discipline Plaintiff or the nursing staff. (ECF No. 39 at ¶ 30). While Ganz often sent Plaintiff positive text messages regarding her job performance, (*Id.* at ¶¶ 32-27), Plaintiff alleges that Ganz did not like her, and that he stated to her and to other staff members

- I don't understand you; I don't want to hear what you have to say; I don't care;
- No, that is not the way you are supposed to say it;
- I don't know why that [Haitian Nurse] is so stupid; She doesn't understand anything and can't do anything right;
- Did you buy your license;
- You are stupid;
- You are messing up the scheduled doctor appointments;
- You are not good for the unit;
- I need a Jewish Nurse Manager; and
- I need a Jewish Charge Nurse Manager.

(Compl. at ¶ 33). Plaintiff alleges in her Complaint that Ganz made these statements daily, but in her deposition, she testified "I'm not going to say every day something happened." (*Id.* at ¶ 34; ECF No. 35-1 at 101:18). Ganz denies ever making these statements, but recalls one instance where he raised his voice when Plaintiff did not do something he asked. (ECF No. 35-4 at 45-46, 54:5-55:11). It was only after that incident that Plaintiff reported Ganz's statements to the

Assistant Director of Nursing, Director of Nursing, and Boro Park's Administrator. (Compl. ¶¶ 60, 63; ECF No. 39 at ¶ 48).

Plaintiff's supervisors scheduled a meeting with Plaintiff and Ganz to discuss her complaints. (ECF No. 39 at ¶ 54). However, Plaintiff took sick leave from that time, May 2015, until she resigned from Boro Park in October of that year, and the meeting never occurred. (Compl. ¶ 74; ECF No. 39 at ¶ 57). The Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter in July 2016 and she brought this action three months later. (Compl. ¶ 77).

## LEGAL STANDARD

Summary judgment is appropriate when there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The moving party has the burden to demonstrate the absence of a genuine issue of material fact, and the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of material fact exists if a reasonable jury could find in favor of the non-moving party. *Id.* at 248.

If the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the non-movant who must demonstrate that a genuine issue of fact does exist. *Id.* at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the nonmovant has met that requirement, its "allegations [will be] taken as true, and [it] will receive

the benefit of the doubt when [its] assertions conflict with those of the movant." *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996).

The Court's role in a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The Second Circuit applies the same summary judgment standard in employment discrimination cases. *Ramirez*, 481 F. Supp. 2d at 216. In those cases, courts are particularly cautious about granting summary judgment where intent is at issue. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). Motions for summary judgment in employment discrimination actions are rarely granted because "a victim of discrimination is . . . seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence . . . . Consequently . . . where a defendant's intent and state of mind are placed at issue, summary judgment is ordinarily inappropriate." *Ramirez*, 481 F. Supp. 2d at 216 (citing *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991)).

## DISCUSSION

### I. Plaintiff's Claims Under Title VII

#### a. *Plaintiff's Discrimination Claim*

Plaintiff alleges that Boro Park subjected her to discrimination based on race, color, and national origin in violation of Title VII. (Compl. ¶ 81). This claim is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Under the *McDonnell Douglas* framework, Plaintiff employee must first establish a *prima facie* case of discrimination by

demonstrating: (1) she is a member of a protected class; (2) she was qualified for her position or was performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) there is some evidence of a causal connection between her membership in a protected class and the adverse employment action. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993). The demonstration of a *prima facie* case "in effect creates a presumption that the employer unlawfully discriminated against the employee." *Scaria v. Rubin,* 117 F.3d 652, 654 (2d Cir. 1997). Although the standard to establish a prima facie case is not high, conclusory allegations alone are insufficient to support an inference of discrimination. *Sharif v. Buck,* 152 F. App'x 43, 44 (2d Cir. 2005).

After the plaintiff employee has satisfied this initial burden, the burden shifts to the defendant employer to provide a legitimate, non-discriminatory reason for the adverse employment action. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). If the defendant employer carries this burden, the burden shifts back to the plaintiff employee to demonstrate that the legitimate reasons offered by the defendant employer were not its true reasons, but were a pretext for discrimination. *Id.* at at 222 (citation omitted).

Plaintiff failed to establish a *prima facie* case for discrimination because she has not demonstrated that she suffered an adverse employment action. While she claims that she was "constructively terminated," the record suggests otherwise. She was not subject to any decreases in salary or changes in her job titles or responsibilities nor was she sanctioned or reprimanded by any of her supervisors. She made the choice to take "sick leave," (Compl. ¶ 74) and did not return until she resigned from Boro Park four months later. While she clams in her Rule 56.1 Statement that she took "unspecified leave" and "did not take a formal medical leave," that is clearly contradicted by her Complaint and Memorandum of Law. (*Id.* at ¶ 74 (indicating that she took "sick leave"); ECF No. 38 at 9 (indicating that she took leave after she "felt dizzy and was unable

5

to immediately drive home.")). Finally, the alleged *statements* made by Ganz, who had no authority to hire, fire, or discipline Plaintiff, are not considered adverse employment *actions*. Accordingly, Boro Park's motion for summary judgment as to Plaintiff's discrimination claim under Title VII is granted.

### b. *Plaintiff's Hostile Work Environment Claim*

Plaintiff also alleges that Boro Park created a hostile work environment in violation of Title VII. (Compl. ¶ 81). To survive a summary judgment motion on a hostile work environment claim, "[p]laintiff must introduce evidence showing that [her] workplace was permeated with discriminatory intimidation, ridicule, and insult, which was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Phillip v. City of New York*, No. 09-CV-442 (ILG), 2012 WL 1356604, at *13 (E.D.N.Y. Apr. 19, 2012). In order to prove that a workplace is "hostile," a plaintiff must demonstrate that: "(1) [s]he subjectively perceive[d] the environment to be abusive; (2) the conduct alleged objectively created an environment that a reasonable person would find hostile or abusive; and (3) that the work environment was abusive to employees because of their race, gender, religion, or national origin." *Cunningham v. N.Y.S. Dep't of Labor,* 326 F. App'x 617, 620 (2d Cir. 2009) (quotation and citation omitted). A work environment's hostility is assessed based on the totality of the circumstances. *Phillip*, 2012 WL 1356604, at *13.

While the record shows that Ganz likely created an abusive work environment for the nursing staff in Two East, Plaintiff has failed to demonstrate that his *discriminatory* insults were so severe or pervasive as to create that environment. First, Plaintiff failed to show that Ganz's statements that Plaintiff is "stupid," "not good for the unit," or "messing up the scheduled doctor appointments," were more than "petty slights or trivial inconveniences," which are not actionable

6

under Title VII. *Phillip*, 2012 WL 1356604, at *14. Similarly, while mocking Plaintiff's Haitian accent and stating that Ganz wanted "a Jewish Unit Manager" and "Jewish Charge Nurse Manager" were inappropriate and likely the result of a discriminatory animus,[1] Plaintiff has failed to show that these statements were severe and pervasive. Notably, she only worked with Ganz for four months before she took sick leave, she exchanged many pleasant text messages with Ganz during that time, she cannot recall how often Ganz made the alleged discriminatory comments, and she testified that she was able to avoid Ganz during her shifts. (*See generally* ECF No. 35-1). Accordingly, Boro Park's motion for summary judgment of Plaintiff's hostile work environment claim under Title VII is granted.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED**. Having granted summary judgment of Plaintiff's federal claims, the Court no longer has jurisdiction to entertain any state law claims. *Dunton v. Suffolk Cty., State of N.Y.*, 729 F.2d 903, 910 (2d Cir. 1984), *amended*, 748 F.2d 69 (2d Cir. 1984).

SO ORDERED.

Dated: Brooklyn, New York
February 7, 2019

/s/_____
I. Leo Glasser                    U.S.D.J.

---

[1] *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325, 349 (S.D.N.Y. 2017) ("Courts have recognized that accents are perhaps the most recognizable indication of one's national identity, and accent and national origin are obviously inextricably intertwined in many cases."). Indeed, the EEOC defines "national origin discrimination" broadly to include an individual's "physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1.